25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Theatrice MATTHEWS and Derron Maclin, Defendants-Appellants.
 Nos. 93-5708, 93-5747.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Theatrice Matthews and Derron Maclin were charged with, and convicted of, aiding and abetting each other in the possession of two kilograms of cocaine with intent to distribute, in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1). Both raise on appeal several challenges to their convictions. For the reasons to follow, we AFFIRM.
 
 I.
 
 2
 On February 3, 1989, Federal Express operations manager Michael Whitley of a local Federal Express facility in Shelby County, Tennessee, opened a package which lacked a specific apartment number as part of the address, after other efforts failed to uncover the package's recipient. Inside were two brick-shaped packages covered in brown shipping tape wrapped with newspaper and mothballs on them. At the instruction of the Federal Express security department, Whitley opened one of the inner packages and observed a white powdery substance. Also during this time, the company received a phone call inquiring about the package. The package was resealed, and security contacted the Shelby County Metro Narcotics Unit. The narcotics unit set up surveillance of the facility to see who would claim the package. The first individual to claim the package was defendant Maclin.
 
 
 3
 Maclin was arrested, while attempting to drive away, by narcotics unit member Lieutenant Richard W. Jewell, and taken to the sheriff's substation. A search of his automobile revealed $1230 in cash in the glove compartment.
 
 
 4
 The second individual to be arrested in connection with the package was defendant Matthews, after he also went to the Federal Express office to inquire about the same package. Matthews signed for the package with the name "J. Jone," (although the addressee of the package was listed as "M. Jade, Jr."). Matthews was arrested by members of the narcotics unit as he departed the facility. The officers also arrested the driver of the car, codefendant Anita Handy.
 
 
 5
 A fourth individual, Paul Horace, was arrested that day, identified as having accompanied Matthews and Handy. He was not with them at the moment of arrest, however, but was subsequently discovered at a separate business about a hundred yards south of the Federal Express building.
 
 
 6
 Defendants Matthews, Handy, and Maclin were tried together.[1] The jury convicted Matthews and Maclin and acquitted Handy. These appeals followed.
 
 II.
 A.
 
 7
 Both defendants contend that the district court erred in denying their Rule 29 motions for acquittal. See Fed.R.Crim.P. 29. Each also claim that there was insufficient evidence upon which to sustain a conviction. We review the denial of a motion for acquittal de novo, United States v. Wuliger, 981 F.2d 1497, 1509 (6th Cir.1992), petition for cert. filed, 62 U.S.L.W. 3429 (U.S. Nov. 9, 1993) (No. 93-946), considering "whether, after reviewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). The issue of sufficiency of the evidence is subject to the same analysis, United States v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989), and the test applies whether the evidence is circumstantial or direct. Id. The credibility of witnesses is solely within the province of the jury. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988).
 
 1.
 
 8
 The following evidence supports Maclin's conviction: (1) uncontroverted testimony that Maclin claimed a package at Federal Express filled with two kilograms of cocaine, attested to by Whitley and Lt. Debbie Van Hooser, who had been dressed as a Federal Express employee and accompanied Whitley when he delivered the package; (2) testimony by Lt. Jewell that Maclin admitted that he was being paid $1000 to pick up the cocaine, that he had done this before, and that he was supposed to deliver it to a "Charles Matthews"; and (3) approximately $1200 was recovered from the glove compartment of the car driven by Maclin. In short, the jury's conclusion had a sufficient basis in fact.
 
 2.
 
 9
 Matthews' conviction is supported by the fact that: (1) defendant Matthews claimed the package of cocaine; (2) four days before the incident in question, Matthews attempted to transport to California a suitcase containing $51,000 in cash; (3) defendant had a receipt for recent air travel from California, under the name of "Charles Matthews," on him when he was arrested; (4) Maclin stated that "Charles Matthews" was the intended recipient of the cocaine; (5) defendant also had a motel room receipt in the name of "D. Macli" was found on him at the time of arrest.
 
 B.
 
 10
 Matthews argues that the district court erred in admitting[2] the testimony of Memphis Airport Officer Reginald L. Drake, concerning an incident which involved defendant that occurred on January 29, 1989, at the Memphis airport. Drake testified that he stopped defendant after receiving a tip that a passenger had purchased at the last minute a one-way ticket to California with cash; and that he asked for defendant's ticket, 'some identification, and for consent to search defendant's checked suitcase. Defendant's ticket was made out to "Charles Matthews"; defendant claimed that he had forgotten identification. Matthews signed a consent to search, and boarded the flight without his bag. Drake found $51,000 in cash in the suitcase. Matthews contends that Drake's testimony is not the type of evidence allowed under Fed.R.Evid. 404(b), or alternatively, unduly prejudicial under Fed.R.Evid. 403. Matthews objected on Rule 404(b) grounds below, but not on 403 grounds.
 
 
 11
 The district court ruled that the evidence was directly relevant to the case; and that if the jury did not believe that the January 29 incident was factually related to February 3, the evidence nonetheless demonstrated another occasion on which defendant used the name "C. Matthews," which "show[ed] a common practice or scheme or method of operating...." J.A. at 120.
 
 
 12
 We agree with the district court's ruling that the evidence was not "like and similar" (because the January 29 incident did not involve an illegal act and involved a different means of transportation), and we find that the evidence was properly admitted as tending to show that defendant went by the name of, and that co-defendant Maclin knew him as, "Charles Matthews." See Fed.R.Evid. 402. Nor has defendant demonstrated that the admission of the evidence under Rule 403 constituted plain error. See United States v. Evans, 883 F.2d 496, 499 (6th Cir.1989).
 
 C.
 
 13
 Maclin argues that the trial court committed error in failing to instruct the jury that the statement made by Maclin to Lt. Jewell and Sgt. Phelps had to be sufficiently corroborated in order to be considered as evidence of the essential elements of the crime. No instruction was necessary here, however, because the rule that a jury must be instructed that it cannot find a defendant guilty solely on the basis of defendant's uncorroborated admissions applies only where the corpus delicti has not been established. United States v. Marshall, 863 F.2d 1285 (6th Cir.1988). Here it was; there was proof that Maclin picked up the package and that it was in defendant's possession at the time of his arrest. Moreover, although not necessary, corroborative evidence was introduced. The officers found cash in defendant's glove box and a motel receipt on defendant Matthew made out to defendant Maclin. See United States v. Sims, 975 F.2d 1225, 1239-40 (6th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993) (corpus delicti requirement met where there was overwhelming evidence that several crimes occurred; additionally, corroborative evidence supported conviction). We find no error, plain or otherwise.
 
 D.
 
 14
 Lastly, Maclin argues that the district court erred in denying his motion to suppress his confession and the evidence of cocaine. Maclin maintains that as bailee, he had an expectation of privacy in the package and that the police should have obtained a search warrant before they initially seized the package. We review this question of law de novo, United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.1992), cert. denied, 113 S.Ct. 264 (1992), and find it to be without merit for several reasons. First, it is well-settled that Fourth Amendment rights are personal rights which may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Koenig, 856 F.2d 843, 846 (7th Cir.1988) (because defendant was neither sender nor addressee of package he had no privacy right to challenge search and seizure of cocaine); United States v. Givens, 733 F.2d 339, 341-42 (4th Cir.1984) (per curiam) (defendants, although intended recipients of package, had no privacy rights in it where package was addressed to third party). At the suppression hearing, Maclin testified that he did not own what was in the package. Second, assuming defendant had some possessory interest in the package, defendant nonetheless lost any reasonable expectation of privacy in the package after it was handed over to Federal Express lacking a complete and accurate address. See United States v. Jacobsen, 466 U.S. 109, 118 (1984); United States v. Morgan, 744 F.2d 1215 (6th Cir.1985); United States v. Barry, 673 F.2d 912 (6th Cir.), cert. denied, 459 U.S. 927 (1982). Third, the search by Federal Express, as a private carrier, did not implicate the Fourth Amendment, Coolidge v. New Hampshire, 403 U.S. 443, 487-90 (1971), and the government's initial "seizure" of the cocaine and subsequent field test did not compromise any legitimate interest in privacy, because that interest had already been compromised by the Federal Express employees. See Jacobsen, 466 U.S. at 119-26.
 
 
 15
 Defendant also argues, in the alternative, that even if he did not have an expectation of privacy in the package opened by Federal Express, the officers violated his Fourth Amendment rights when they confiscated the package from his car and opened it without a search warrant. At this juncture, however, the officers were executing a controlled delivery, which did not revive any previously-held privacy rights and was therefore not a "search" within the meaning of the Fourth Amendment. Illinois v. Andreas, 463 U.S. 765, 771-73 (1983). AFFIRMED.
 
 
 
 [1]
 Codefendant Paul Horace died prior to trial
 
 
 [2]
 Drake's testimony was introduced and admitted as direct evidence of the government's case